CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JUL 20 2007
JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **MARK KEVIN MAYES,** | ) | |
| | ) | |
| **Petitioner,** | ) | **Case No. 7:07CV00132** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **By: Hon. Jackson L. Kiser** |
| | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

Petitioner, Mark Kevin Mayes ("Mayes"), proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (2006). Mayes claims that his guideline sentence was improperly enhanced by a finding that he obstructed justice by lying to the jury at his trial. Mayes further alleges that the Fourth Circuit erred by affirming the district court in this matter. Mayes finally claims that his trial counsel was ineffective. Respondent filed a Motion to Dismiss to which Mayes filed a timely response, making the matter ripe for the court's consideration. I find that several of Mayes' claims lack merit but that there is a question of fact as to two of his claims.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 13, 2002, a federal grand jury charged Mayes with knowingly possessing a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One) (1); possessing with the intent to distribute a mixture or substance containing a measurable quantity of methamphetamine, and 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841 (Count Two) (2); and possession of a firearm in furtherance of a drug trafficking crime, in violation

Case 7:07-cv-00132-JLK-mfu Document 10 Filed 07/20/07 Page 1 of 8 Pageid#: 58

of 18 U.S.C. § 924(c)(1) (Count Three) (3). Mayes was tried by jury on April 29, 2003, and was found guilty of all three charges.

The evidence produced at trial established that on September 4, 2002, at 2:22a.m., a valid search warrant was issued authorizing officers to search the residence of Joel Hamm on Cherry Creek Road in the Meadows of Dan Community. The warrant also authorized the officers to search "all persons, vehicles, outbuildings and curtiledge" of the residence. Resp't Ex. A, Appellate J. A. 14. Hamm was not at home at the time that the search warrant was executed but the officers had been informed that he often drove a red Ford F-150 pickup truck. When a vehicle matching that description entered the driveway leading to the residence, officers attempted to stop the vehicle and make contact with the occupants. The occupants briefly attempted to flee the scene but were stopped immediately. Mayes was the passenger in this vehicle and made a statement to the officers to the effect that everything in the truck belonged to him. Subsequently, a revolver was found next to the console on Mayes' side of the vehicle and a bag containing 33.3 grams of methamphetamine[1] was found next to the gun. Mayes stated that the gun belonged to him and that he used it to shoot snakes. Cash in the amount of $721.00 and an empty pen tube consistent with personal drug use was also found on Mayes' person.

Mayes testified on his own behalf at trial and denied any knowledge of the firearm being in the vehicle, stating that the gun belonged to Allen Hamm. Mayes testified that he was intoxicated on the night of his arrest and was, therefore, unable to remember anything that he told the officers that night. Mayes admitted to being a user of methamphetamine and agreed that 33.3 grams would

---

[1] The 33.3 grams of methamphetamine had a purity level of only 23%, resulting in 7.6 grams of actual methamphetamine.

be far more than he would need as a user. He denied any knowledge of the drugs found in the vehicle, however.

On August 4, 2003, I conducted a sentencing hearing. The Presentence Report ("PSR") recommended a two-level enhancement, pursuant to the United States Sentencing Commission, Guidelines Manual, § 3C1.1 (2005) ("U.S.S.G."), for obstruction of justice based on a finding that Mayes gave willful, false testimony relating to a material matter when he testified at trial that he had no knowledge of the gun and the drugs in the vehicle and when he denied being a seller of methamphetamine.[2] I accepted the PSR and adopted its contents as my findings. Based on the PSR and my own observations of Mayes at trial, I found by a preponderance of the evidence that Mayes willfully provided false testimony as to a material matter at his trial. Accordingly, the Base Offense Level was enhanced by two levels for obstruction of justice. Based on Mayes' Total Offense Level of twenty-eight (28) and a Criminal History Category of six (VI), the Sentencing Guidelines range for Mayes was 140-175 months imprisonment. I sentenced Mayes to concurrent sentences of 160 months for Counts One (1) and Two (2) and a consecutive 60 month term for Count Three (3), for a total of 220 months.

On July 12, 2004, the Court of Appeals for the Fourth Circuit affirmed Mayes' conviction and sentence. See United States v. Mayes, 103 F. App'x 495 (4th Cir. 2004) (unpublished). The Supreme Court of the United States thereafter granted Mayes' petition for certiorari, vacated the

---

[2] Section 3C1.1 provides in pertinent part that a district court should increase a defendant's offense level by two points if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the prosecution of the instant offense of conviction and the obstructive conduct related to the defendant's offense of conviction. "This enhancement applies to a defendant who commits perjury during the course of his or her prosecution, [and] . . . is appropriate if the sentencing court finds that 'the defendant when testifying under oath (1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory).'" United States v. Quinn, 359 F.3d 666, 681 (4th Cir. 2004) (citation omitted).

Fourth Circuit's opinion, and remanded the case for further proceedings in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the Fourth Circuit again rejected Mayes' challenge to the enhancement for obstruction. The court concluded that the application of the obstruction enhancement "was not Booker error, because the jury 'necessarily, albeit implicitly, found that he had engaged in behavior that fits within § 3C1.1.'" United States v. Mayes, 178 F. App'x 331, 333 (4th Cir. 2006) (unpublished). Furthermore, the court found that "even if the enhancement constituted Booker error, we would decline to notice the error because there can be no question that the jury, having found that the offenses were committed, would also have determined that Mayes willfully and falsely testified about a material matter." Id. at 334.

## II. STANDARD OF REVIEW

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Mayes bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

## III. ANALYSIS

### A. Sentencing Enhancement Claims

Mayes alleges that the two-level sentencing enhancement for obstruction of justice is unconstitutional in that it violates his Sixth Amendment right to a trial by jury. He claims that enhancement of his sentence, without the benefit of a trial by jury to determine the obstruction of

justice issue, is contrary to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). Respondent argues that, as Mayes is asserting a legal as opposed to a factual basis for his motion, his claims should be rejected because they have already been reviewed and decided by the Court of Appeals for the Fourth Circuit.

Once an issue has been considered and decided by the Court of Appeals, the defendant cannot relitigate the issue before this court under § 2255. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (finding that a § 2255 petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" by the court of appeals in direct appeal proceedings). Upon review of the record, I agree. The Court of Appeals for the Fourth Circuit reviewed Mayes' claim that the two-level sentencing enhancement for obstruction of justice is unconstitutional and found it to be without merit. Because the appellate court has already decided against Mayes on this specific argument, I cannot revisit it in this § 2255 proceeding and will dismiss it accordingly.[3]

---

[3] Regardless, Mayes' argument is without merit. Although mandatory sentencing guidelines were found unconstitutional in Booker, 543 U.S. at 220, it is nonetheless well-settled that district courts must calculate a defendant's sentence by reference to the advisory Guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). In referencing the Guidelines, a district court is required to consider "relevant factors" outside the base offense level both in 18 U.S.C § 3553(a) and in the Guidelines themselves. See Hughes, 401 F.3d at 546. One of these relevant factors is whether a defendant has obstructed justice pursuant to U.S.S.G. § 3C1.1; this was not a factor excised by Booker. See Booker, 543 U.S. at 258-59 (Breyer, J). Nor, it is settled, did Booker affect the standard of proof the government must meet to establish an obstruction of justice enhancement. This standard remains a "preponderance of the evidence," not "beyond a reasonable doubt" as Mayes seems to argue. See United States v. Garcia, 413 F.3d 201, 220 n. 15 (2d Cir. 2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of evidence survives Booker."); United States v. Pirani, 406 F.3d 543, 552 n. 4 (8th Cir. 2005) (noting that "[n]othing in Booker suggests that sentencing judges are required to find sentence-enhancing facts beyond a reasonable doubt . . ."); see also United States v. Jones, 308 F.3d 425, 428 n. 2 (4th Cir. 2002) (applying the preponderance standard). These principles, applied here, confirm that Mayes' constitutional rights were not violated by the two-level enhancement for obstruction of justice as the enhancement was properly considered and established by a preponderance of evidence.

**B. Ineffective Assistance Claims**

Mayes claims (1) that counsel was ineffective in calling Mayes' co-defendant, Hamm, as a witness because counsel knew that Hamm's testimony would be in direct conflict with Mayes' testimony; (2) that trial counsel failed to advise him that the government could reveal Mayes' criminal history to the jury in order to mar his credibility and that the government could seek an enhancement for obstruction of justice if he committed perjury while testifying; and (3) that counsel never explained that a plea agreement could be reached and that there could be a reduction in offense level for a timely plea agreement.

Mayes bears the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, Petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Upon review of the record, I find that Mayes' claim that counsel did not sufficiently prepare Hamm as a witness or should not have called Hamm as a witness fails on the merits as Mayes is unable to demonstrate that the result of the trial would have been any different but for counsel's

alleged errors. The record reveals that the government had more than sufficient evidence to convict Mayes on all three counts of the indictment regardless of Hamm's testimony. Accordingly, as Mayes cannot demonstrate prejudice under Strickland, I find that this claim is without merit.

Mayes' claims that he was provided ineffective assistance of counsel because counsel failed to properly advise him about the possible consequences of testifying at trial and because counsel failed to present a proposed plea agreement to him are problematic, however. It is possible that counsel's failure to adequately prepare Mayes for trial and his failure to advise Mayes about the risks of committing perjury rises to the level of deficient performance. Furthermore, where defense counsel has failed to inform a defendant of a plea offer, the federal courts have been unanimous in finding that such conduct constitutes a violation of the defendant's Sixth Amendment constitutional right to effective assistance of counsel. See, e.g., Johnson v. Duckworth, 793 F.2d 898, 902 (7th Cir. 1986); United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3d Cir. 1982); Teaster v. U.S., No. 705CV00169, 2005 WL 2671348 (W.D. Va. October 19, 2005). The Supreme Court has noted that the representation of a criminal defendant entails certain basic duties which include the duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution. Strickland, 466 U.S. at 688. A failure of counsel to advise a client of a plea bargain constitutes a gross deviation from the accepted standards of professional conduct and would deny a defendant's Sixth Amendment rights. Zelinsky, 689 F.2d at 438. Criminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution, and failure to do so constitutes ineffective assistance of counsel. Johnson, 793 F.2d at 902. A defendant must be involved in the decision-making process regarding the ultimate acceptance or rejection of a plea offer. Id. Whether Mayes' assertions are true is a fact in dispute

because counsel asserts, by sworn affidavit, that he did adequately advise Mayes about testifying at trial and that he did inform Mayes of the plea offer. When a material fact is in dispute, the court should order a hearing in which both parties can present evidence. The court must then make a credibility determination as to which party's assertions to believe.

## IV. CONCLUSION

Accordingly, I will grant Respondent's Motion to Dismiss as to all claims except Mayes' ineffective assistance of counsel claims (2) and (3) and will grant an evidentiary hearing as to those issues. An appropriate Order shall be issued this day.

**ENTER:** This 20th day of July, 2007.

Jackson L. Kiser
Senior United States District Judge